UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VANIKA ARRINGTON,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>TACOMA POLICE DEPARTMENT,<br><br>　　　　　　　　　Defendants. | Case No. 3:25-cv-05419-DGE-TLF<br><br>ORDER DECLINING TO SERVE, GRANTING LEAVE TO AMEND, SETTING DEADLINE FOR AMENDED COMPLAINT, WARNING OF POSSIBLE SANCTION OF DISMISSAL |

　　　　On May 14, 2025, plaintiff filed a proposed civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (IFP). Dkt 1,5. On August 29, 2025, the Court screened the complaint and ordered plaintiff to show cause why their complaint should not be dismissed for failure to state a claim or file an amended complaint. Dkt. 6. The Court gave plaintiff a deadline of September 29, 2025, to show cause or amend the complaint. *Id.* The Court declines to serve the complaint, because as the Order to Show Cause describes, the screening of the complaint shows it fails to state a claim for relief.

　　　　Plaintiff has not responded to the Court's order to show cause to date. If plaintiff fails to file an amended complaint by the deadline of Friday, November 7, 2025, or does not otherwise respond to the Order to Show Cause, on or before November 7, 2025, the

ORDER DECLINING TO SERVE, GRANTING LEAVE
TO AMEND, SETTING DEADLINE FOR AMENDED
COMPLAINT, WARNING OF POSSIBLE SANCTION
OF DISMISSAL - 1

1  Court will recommend that Chief Judge Estudillo should DENY Plaintiff's IFP application
2  (Dkt. 5) and should dismiss the action without prejudice for failure to prosecute.
3      To decide whether dismissal for failure to prosecute is warranted, the Court
4  should analyze five factors – "(1) the public's interest in expeditious resolution of
5  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
6  defendants/respondents; (4) the availability of less drastic alternatives; and (5) the
7  public policy favoring disposition of cases on their merits", *Pagtalunan v. Galaza,* 291
8  F.3d 639, 642 (9th Cir. 2002). These factors would also be considered in deciding
9  whether failure to follow a Court's order justifies dismissal. *Ferdik v. Bonzelet,* 963 F.2d
10 1258, 1260-1261 (9th Cir. 1992) (discussing five factors to be weighed in determining
11 whether to dismiss a case for failure to comply with a court's order); *Henderson v.*
12 *Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (Court may issue warnings to insure the
13 parties comply with the Court's scheduling orders, and may dismiss the case if the
14 orders are not complied with).
15     The Court sua sponte grants plaintiff an extension of time, and plaintiff has a
16 deadline of **November 7, 2025**, to file an amended complaint or otherwise respond to
17 the Order to Show Cause (Dkt 6).  If no amended complaint if timely filed, or if plaintiff
18 files an amended complaint that fails to correct the deficiencies identified in the Order to
19 Show Cause, the Court may recommend that this matter be dismissed.
20     The Clerk is directed to send to plaintiff a copy of this Order, a blank copy of a
21 civil rights complaint form, and a copy of the Court's previous Order to Show Cause
22 (Dkt. 6). The amended complaint must be filed under the same case number as this

ORDER DECLINING TO SERVE, GRANTING LEAVE
TO AMEND, SETTING DEADLINE FOR AMENDED
COMPLAINT, WARNING OF POSSIBLE SANCTION
OF DISMISSAL - 2

one, and will operate as a complete substitute for, rather than a supplement to, the present complaint.

Dated this 6th day of October, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DECLINING TO SERVE, GRANTING LEAVE TO AMEND, SETTING DEADLINE FOR AMENDED COMPLAINT, WARNING OF POSSIBLE SANCTION OF DISMISSAL - 3