UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VANIKA ARRINGTON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>TACOMA POLICE DEPARTMENT,<br><br>　　　　　　　　Defendants. | Case No. 3:25-cv-05419-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 4, 2025 |

　　On May 14, 2025, plaintiff filed a proposed civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (IFP). Dkt 1,5. On August 29, 2025, the Court ordered Plaintiff to show cause why their complaint should not be dismissed for failure to state a claim. Dkt. 6. Plaintiff had until September 29, 2025, to meet the Court's deadline. *Id.* On October 6, 2025, the Court sua sponte extended the deadline to reply to Friday, November 7, 2025. Dkt. 7.

　　Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.

REPORT AND RECOMMENDATION - 1

1 | Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor weighs against dismissal because the defendants have not been served in this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has ordered petitioner to show cause why this matter should not be dismissed. Petitioner has not responded to the Court's order. The Court finds that only one less drastic sanction is realistically available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In this case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. This action should therefore be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 2

Plaintiff has not responded to the Court's order to show cause. The Court should DENY Plaintiff's IFP application (Dkt. 5) and dismiss the action without prejudice for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have 14 days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **December 4, 2025**, as noted in the caption.

Dated this 19th day of November, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3